# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GRETCHEN M. MARES,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br><br>UNITED STATES and GREGORY J. HAANSTAD,<br><br>　　　　　　　　　　Defendants. | Case No. 16-CV-1445-JPS<br><br><br><br>**ORDER** |

　　　　The plaintiff filed a pro se complaint alleging that her civil rights were violated. (Docket #1). This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. (Docket #3). Notwithstanding the payment of any filing fee, the Court must dismiss a complaint if it raises claims that are "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and her statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) she was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon her by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff's allegations are nonsensical, fantastical, and barely coherent. The plaintiff alleges that in 2007, the law firm of von Briesen & Roper, S.C. ("von Briesen"), her former employer, "broke into my home, installed cameras and audio and modified my electronics broadcasting my naked image across state lines." (Docket #1 at 3). She alleges that she began having heart problems and panic attacks. *Id.* at 3-4. The plaintiff further alleges that in the summer of 2008, "I [began] to realize that those on the radio see me and have for quite some time both intimately and privately in my bed and bath." *Id.* at 4. The plaintiff then continues on about her mental health problems, alleging that the firm had something to do with them, though it is not clear what role they played. *Id.* at 4-6. In early 2012, the plaintiff states that her sister "[gave her] a sedative to give me and technology is placed in my left ear unbeknownst to me." *Id.* at 6. In 2013 and 2014, the plaintiff alleges that those running "this program"—apparently von Briesen—"facilitate a terrifying story line editing books, magazines, advertisements, personal mail, videos, billboards, product packaging and

store displays, etc., simply meant to humiliate and terrorize me." *Id.* at 6. This also somehow included the "use of stealth fighters." *Id.* In late 2014, the plaintiff admits that she begins hearing voices. *Id.* at 7. The plaintiff's complaint continues on similarly for a few more pages. *Id.* at 7-9.

Courts may dismiss claims based on allegations that are "obviously and knowingly false." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002); *see also Edwards v. Snyder*, 478 F.3d 827, 829–30 (7th Cir. 2007). Moreover, a suit may be dismissed "because the facts alleged are so…unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney*, 302 F.3d at 774; *see also Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Bilal v. Driver*, 251 F.3d 1346 (11th Cir. 2001); *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). "[N]o evidentiary hearing is required in a prisoner's case (or anyone else's, for that matter) when the factual allegations are incredible." *Gladney*, 302 F.3d at 774 (internal citations omitted).

As described above, the plaintiff's allegations are fantastic and delusional. *See Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Consequently, this case may not proceed. *Gladney*, 302 F.3d at 775 (citing *Okoro v. Bohman*, 164 F.3d 1059, 1062–64 (7th Cir. 1999) ("a frivolous suit does not engage the jurisdiction of the district court"). This assumes as well that the plaintiff sued the correct parties, as it seems the United States and its United States Attorney for the Eastern District of Wisconsin, Gregory J. Haanstad, have absolutely nothing to do with her allegations. In sum, this plaintiff has provided no arguable basis for relief, having failed to make any rational

argument in law or fact to support her claims. Her complaint must be dismissed as frivolous.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #3) be and the same is hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous; and

**THE COURT FURTHER CERTIFIES** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting her appeal.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of December, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge